FILED

MAR 02 2021

Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STEPHEN PATRICK KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER PLUTE, in her official capacity; and KENNETH A. GRIFFIN,<br><br>Defendants. | CV 20-15-H-DLC-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

Plaintiff Stephen Patrick Kelly (Kelly) brought this action pro se. (Doc. 2). Kelly asserts claims for declaratory relief and injunctive relief. (Doc. 2 at 1, 19). Kelly seeks a declaration that he is not required to pay Defendant Kenneth Griffin (Griffin) $10,000 in earnest money under a buy-sell agreement he executed with Griffin in connection with the purchase of a home. (Doc. 2 at 19). Kelly also seeks an order enjoining Griffin and his realtor, Defendant Jennifer Plute, from attempting to collect the earnest money. *Id.* Kelly has invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 2 at 5).

The Court has an obligation to determine *sua sponte* whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 583 (1999). A federal court's diversity jurisdiction extends to "civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the controversy "is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

The Court will examine separately the "amount in controversy" requirement and the "diversity of citizenship" requirement.

A.  **Amount in Controversy**

Diversity jurisdiction exists only if the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Where a plaintiff seeks injunctive or declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). In a declaratory relief case where the plaintiff seeks to escape from liability under a contract, the value of the object of the litigation is measured by the potential liability that will follow if the contract is determined to be valid and enforceable. See *Matsuda v. Wada*, 128 F. Supp. 2d 659, 663-64 (D. Haw. 2000); *Dulcich Inc. v. Coordinated Care Programs, LLC*, 2015 WL 9916293, *3 (D. Or. Jan. 23, 2015); *Int'l Gateway Communications Inc. v. Communications Telesystems Int'l, Inc.*, 922 F. Supp. 122, 125 (N.D. Ill. 1996).

Here, the sole issue before the Court is whether the earnest money

provision in Kelly's buy-sell agreement is enforceable. Kelly alleges that the buy-sell agreement is not enforceable because Defendants made false statements to him, and Defendants failed to disclose important information to him about the home he intended to purchase. (Doc. 2 at 10-18). The value of the object of this litigation is apparent from the face of Kelly's Complaint. Kelly alleges that the earnest money amount was $10,000. (*See* Doc. 2 at 10, 12-14). The value of the object of this litigation is therefore $10,000, because that is the amount of money that Kelly could be required to pay if the buy-sell agreement was determined to be enforceable. See *Dulcich Inc.*, 2015 WL 9916293 at *3 (citing cases).

The value of Kelly's claims fall far short of the jurisdictional amount required under 28 U.S.C. § 1332.

### B. Diversity of Citizenship

Kelly has failed to properly plead diversity of citizenship. Kelly fails to allege his citizenship and the citizenship of the Defendants. Kelly alleges only his residence and the residence of the Defendants. (Doc. 2 at 3-5). Kelly alleges that he was a resident of Nebraska when the Complaint was filed and that the Defendants were residents of Montana. (Doc. 2 at 2-3).

An allegation of residence does not establish citizenship for purposes of diversity jurisdiction. *Great Plains Trust Co. v. Morgan Stanley Dean Witter &*

*Co.*, 313 F.3d 305, 310 n. 2 (5th Cir. 2002). A person is a citizen of the state in which he is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residency is a factor in determining a person's citizenship for diversity jurisdiction purposes, the fact that a person is residing in a given state does not necessarily mean he is domiciled there. *Id.* A person's domicile is his permanent home. *Id.* It is the place where he resides with the intention to remain permanently or indefinitely. *Lew v. Moss*, 797, 749-50 (9th Cir. 1986).

To determine whether the plaintiff possesses the requisite intent to maintain a residence for the foreseeable future, courts consider a number of factors including: "current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750).

Kelly alleges that he should be considered a resident of Nebraska for purposes of diversity jurisdiction because he was in the process of changing his residence from Montana to Nebraska when he drafted his Complaint, and he expected to be a Nebraska resident on the date his Complaint was filed in federal

court. (Doc. 2 at 3-4).

When a person alleges a change of residency or domicile, "additional principles of law apply." *Rice v. Thomas*, 2003 WL 21054714, *1 (9th Cir. 2003); *The Lending Company, Inc. v. Craythorn*, 2012 WL 3585411, *1 (D. Ariz. Aug. 20, 2012). A change in domicile requires more than physical presence at a new location. It also requires evidence of an intent to remain there indefinitely. *Lew*, 797 F.2d at 750. A persons old domicile is not lost until a new one is acquired. *Rice*, 2003 WL 21054714 at *1 (citing *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir. 1952)).

Here, Kelly does not allege that he possessed a new permanent home in Nebraska on the date he filed this action (March 5, 2020). He alleges only an intention to reside in Nebraska on that date. (Doc. 2 at 3). Moreover, it appears that Kelly's presence in Nebraska was only temporary. Kelly filed a separate lawsuit in this Court on November 2, 2020, entitled *Kelly v. The Church of Jesus Christ of Latter-Day Saints*, CV 20-56-BU-BMM-JTJ. Kelly invoked this Court's diversity jurisdiction in that case. Kelly stated in his Complaint that he was a resident of Montana on November 2, 2020. (*See* Cause CV 20-56-BU-BMM-JTJ, Doc. 2).

5

## **CONCLUSION**

The value of the object of this litigation is $10,000. Diversity jurisdiction does not exist because the amount in controversy is far less than the jurisdictional amount required under 28 U.S.C. § 1332. The District Court should therefore dismiss this action without prejudice for lack of subject matter jurisdiction. *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (dismissal is appropriate where it "appear[s] to a legal certainty" that the plaintiff's claims are less than the jurisdictional amount). The District Court need not give Kelly an opportunity to amend his complaint because it is "absolutely clear" that the deficiency relating to the amount in controversy requirement cannot be cured by amendment. See *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for lack of subject matter jurisdiction.

### **Notice of Right to Object to Findings and Recommendations**

Kelly is advised that he may file written objections to these Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 2nd day of March, 2021.

/s/ John Johnston
John Johnston
United States Magistrate Judge